GEORGE L. MONTAGUE *vs.* FRANCIS B. HAYES & others.

L. and M. purchased real estate, and had it conveyed to L., who furnished the purchase money; and L. wrote to an attorney the following letter: "The agreement between M. and myself is simply this: We have purchased an estate" (describing it) "which has by mutual consent been conveyed to me, I having paid and secured the purchase money. Whatever disposition is made of the property, the profit and loss are to be divided between us, deducting interest. You will please make such papers as are necessary to carry this agreement into effect." L. afterwards, with M.'s assent, divided the estate into lots, and sold them, and died insolvent. *Held,* that the letter of L., having been acted on by the parties, was evidence of a trust or a partnership, and sufficient to satisfy the statute of frauds; that the lots sold vested in the purchasers discharged of any trust; but that any mortgages taken back by L. upon sales were part of the trust fund.

BILL IN EQUITY, filed on the 8th of July 1851, against Thomas J. Lobdell and William H. Montague, and after Lobdell's death continued by bill of revivor against his representatives. Hearing before *Bigelow*, J., who reserved for the consideration of the full court the following case :

In July 1844 William H. Montague, (whose rights the plaintiff afterwards acquired,) agreed with Thomas Motley, Jr. and wife, and Francis C. Head, to purchase from them an estate on Washington Street in Boston, for the sum of $12,000; but, not having funds enough for that purpose, applied to Lobdell to join with him in the purchase, and they two purchased the estate and had it conveyed to Lobdell in fee, and Lobdell paid $3000 therefor, and gave his promissory notes secured by

mortgage of the premises for the remaining $9000. At the time of the purchase, it was agreed between said Montague and Lobdell, that, whatever disposition should be made of the estate, the profit and loss should be divided between them, deducting interest, and that Sidney Bartlett, Esq., should make such papers as might be necessary to carry this agreement into effect; and Lobdell accordingly signed and addressed to Mr. Bartlett the following letter : " August 5th 1844. The agreement between Mr. Montague and myself is simply this : We have purchased an estate of F. C. Head and T. Motley, Jr., on Washington Street, which has by mutual consent been conveyed to me (I having paid and secured the purchase money) ; whatever disposition is made of the property, the profit and loss is to be divided between us, deducting interest. You will please make such papers as are necessary to carry this agreement into effect."

Lobdell afterwards, with the consent of the plaintiff, expended large sums of money upon the estate, and sold it in separate lots, taking in some instances mortgages to secure the purchase money, on some of which he received large sums of money for which he never accounted to the plaintiff, and under which he afterwards entered and foreclosed and continued in possession until his death. His estate was represented insolvent, and his administrators, heirs and devisees appeared and answered in this suit.

*B. F. Brooks & J. D. Ball,* for the plaintiff, cited, to the point that a contract of partnership existed between the plaintiff and Lobdell, which equity would enforce, Collyer on Part. §§ 16, 17, 55, 160, 173 ; *Fall River Whaling Co.* v. *Borden,* 10 Cush. 458 ; *Reid* v. *Hollinshead,* 4 B. & C. 878 ; *Forster* v. *Hale,* 3 Ves. 696, and 5 Ves. 308 ; *Dob* v. *Halsey,* 16 Johns. 34 ; *Bunnel* v. *Taintor,* 4 Conn. 568 ; to the point that Lobdell's letter to Bartlett satisfied the statute of frauds, Rev. Sts. *c.* 59, § 30 ; *Barrell* v. *Joy,* 16 Mass. 221 ; *Fowle* v. *Freeman,* 9 Ves. 351 ; Lewin on Trusts, *c.* 4, § 2 ; to the point that the plaintiff's claim was not a mere debt, but that he had a right to a specific portion of the property, and, if it had been sold, to the proceeds ;

Story on Part. §§ 407, 408 ; 3 Kent Com. (6th ed.) 65 ; Collyer on Part. §§ 125, 127 ; *Dyer* v. *Clark,* 5 Met. 562; *Howard* v. *Priest,* 5 Met. 582 ; *Parker* v. *Muggridge,* 2 Story R. 334 ; Cross on Liens, 193 ; and that Lobdell's creditors could take no greater interest than he could, *Dyer* v. *Clark,* 5 Met. 562; *Root* v *Blake,* 14 Pick. 273.

*S. Bartlett & C. F. Choate,* for Lobdell's administrators, cited to the point that there was a partnership in the profits or profits and loss only, and not in the capital, *Meyer* v. *Sharpe,* 5 Taunt. 74 ; *Ex parte Hamper,* 17 Ves. 404 ; *Smith* v. *Watson,* 2 B. & C. 401; Story on Part. § 27 ; *Pitts* v. *Waugh,* 4 Mass. 224 ; *Forster* v. *Hale,* 5 Ves. 314 ; that Lobdell's letter did not contain the entire contract, and equity would not execute it ; *Smith* v. *Burnham,* 3 Sumner, 435 ; *Abiel* v. *Radcliffe,* 13 Johns. 297 ; *Dwight* v. *Pomeroy,* 17 Mass. 303; *Brooks* v. *Wheelock,* 11 Pick. 439 ; that creditors have rights to property as against a dormant partner, *Lord* v. *Baldwin,* 6 Pick. 348 ; *French* v. *Chase,* 6 Greenl. 166 ; *Cammack* v. *Johnson,* 1 Green Ch. 163 ; that under our statute neither an express trust, nor the implied trust which the law raises in case of partnership, can defeat creditors or *bona fide* purchasers without notice, Rev. Sts. c. 59, §§ 30–32, and commissioners' note ; and that in an insolvent estate, the administrators represent the creditors, *Holland* v. *Cruft,* 20 Pick. 321.

*G. Bancroft,* for the heirs and devisees.

BY THE COURT. The letter to Mr. Bartlett was a valid offer ; and being accepted and acted upon by the parties, it constituted a contract by which either a trust or a partnership was created. And whether a trust or a partnership, Lobdell became accountable for the proceeds of the sales, and this liability devolved upon his administrators.

If the property has been alienated, it having been done in pursuance of the arrangements between the parties, the title was vested in the purchasers, discharged of the trust ; and therefore, if all the property has been alienated, no specific performance in the way of a transfer of real estate can be decreed.

If the property bought and held under the agreement has been sold, and mortgages taken back by Lobdell to secure the

whole or part of the purchase money, such mortgages consti-tute a part of the trust or partnership fund, and must be deemed a part of the trust property in which the plaintiff has a right and interest, the extent of which is to be determined by taking an account.

The case must be referred to a master to state an account. Lobdell's estate is to be allowed interest on the half of the pur-chase money advanced by him for William H. Montague, and is to be allowed for all other moneys advanced and for expenses.

Whether the plaintiff can have a preference over other cred-itors depends on the question whether the specific trust property or mortgages taken to secure the purchase money on sales thereof remain, or whether the balance, if any, due the plaintiff results only in a sum which is a debt due from Lobdell's estate. This question will properly arise when the master reports ; all other questions to be reserved till the coming in of the report.

*Ordered accordingly.*